Gutchess *v.* Gutchess.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

66 483
69h 45

ALEXANDER GUTCHESS *vs.* SAMANTHA GUTCHESS.

The declarations of an agent are not admissible against the principal, unless made while he is performing some act, and in reference to the thing done.

A witness for the plaintiff, on a trial before a referee, testified, under objection by the defendant, to statements made to him by the defendant's agent, in respect to a previous transaction between the plaintiff and defendant. *Held* incompetent evidence.

The witness also testified that he "understood" that the making of a contract between the parties satisfied and cancelled a previous contract in writing between them. *Held* incompetent. That it was his duty to testify as to what was said or done from which he derived his understanding; and it was for the referee to say what was intended by the parties.

A PPEAL, by the defendant, from a judgment entered upon the report of a referee.

*W. E. Hughitt,* for the appellant, cited *Warner* v. *Warren,* (46 *N. Y.* 228, 235; 45 *id.* 125;) *Gibson* v. *Williams,* (4 *Wend.* 320;) *Weed* v. *Bibbins,* (32 *Barb.* 315;) *Rich* v. *Jakway,* (18 *id.* 357; 17 *N. Y.* 340; 42 *id.* 279;) *Simmons* v. *Fay,* (1 *E. D. Smith,* 107;) *Sharp* v. *Mayor, &c.,* of *N. Y.* (31 *Barb.* 578, 588–9.)

*C. R. Berry,* for the respondent, cited *Hotaling* v. *Hotaling,* (47 *Barb.* 163;) *Dezell* v. *Odell,* (3 *Hill,* 215;) *Thorn* v. *Bell,* (*Hill & Denio, supp.* 430;) *Calanan* v. *McClure,* (47 *Barb.* 206;) *Gillespie* v. *Carpentier,* (25 *How.* 203;) *Pearson* v. *Fiske,* (7 *Abb.* 419; 2 *Hill,* 140, 146;) *Thompson* v. *Menck,* (22 *How.* 431;) *Ostrander* v. *Fellows,* (39 *N. Y.* 350, *and cases there cited;*) *Merritt* v. *Carpenter,* (33 *How.* 428; 2 *Keyes,* 462; 3 *id.* 142;) *Pattison* v. *Richards,* (22 *Barb.* 143;) *Mayor of N. Y.* v. *Parker Vein Steamship Co.,* (21 *How.* 289;) *National Fire Ins. Co.* v. *McKay,* (21 *N. Y.* 191;) *Walter* v. *Bennett,* (16 *id.* 250;) *Mattoon* v. *Baker,* (34 *How.* 329;) 2 *Greenl. Ev.* 321; 11 *East,* 488, 495; *Rowan* v. *Kelsey,* (18 *Barb.* 484, *and cases cited;*) *Child* v. *Chappell,* (9 *N. Y.* 246;) *Redfield* v. *Utica and Syracuse R. R. Co.,* (25 *Barb.* 54;) *Requa* v. *Holmes,* (19 *How. Pr.* 430; 26 *N. Y.* 338;) *Tibbs* v. *Morris,* (44 *Barb.* 138.)

*By the Court,* MULLIN, P. J. This is an action of ejectment, brought by the plaintiff to recover a farm of land lying in the town of Mentz, in the county of Cayuga.

The defendant was in possession under a contract between her and the plaintiff, by which he agreed to sell and she to purchase the farm in question and to pay therefor the sum of $6,000, as follows: $500 at the date of the contract, which was the 29th of November, 1869, $500 on the last day of November, 1870, and the balance in five annual payments, of $1,000 each, and interest annually. The defendant went into possession under said contract, and continued in possession down to the time of the trial. The sum of $500 was paid down, but although the plaintiff demanded the last payment when it became due, it was not paid, and the defendant refused to pay it. The plaintiff then demanded possession of the farm, and the defendant

refused to surrender it; and thereupon the plaintiff brought this action to recover possession and mesne profits.

The defence is, that prior to the making of the contract for the sale and purchase of the land, and on the 17th of June, 1869, the parties entered into a contract in writing, whereby the plaintiff, for a valuable consideration, agreed to loan to the defendant $3,000 in cash, at such times as she should wish; that is to say, $1,000 on or before the 15th of October, 1869, and the balance on or before the 15th of February, 1870. Said moneys to be laid out in the purchase of real estate. And that immediately thereafter, the defendant agreed to execute and deliver to the plaintiff her bond and a mortgage on such real estate, to secure the payment of said $3,000 and interest, at such reasonable times as the parties should agree upon.

The cause was referred to a referee, who found the making of the land contract and of the contract for the loan; possession by the defendant; non-payment of the second instalment; and refusal to pay or surrender possession of the land.

He further finds that the land contract was intended to, and did, supersede the contract for the loan, and it was abandoned, and the defendant refused to abide by the same. And he ordered judgment in favor of the plaintiff, for the possession of the land.

The answer did not deny the complaint, or any of the allegations in it. The controversy between the parties, on the trial, was limited to whether the contract for the loan was abandoned, or superseded by the contract for the land.

The defendant, and her husband, who acted as her agent in the purchase of the land, testified that when the plaintiff came and demanded the second instalment, she told him she had no means to pay except the money he had promised to loan to her, and if he would pay

that, she would pay the instalment on the land contract. This he declined to do.

There was talk, in the family, about the defendant's going west to lay out the money. Both the defendant and her husband testify that it was not arranged that the land contract should supersede the contract for the loan. In reply to this evidence, the plaintiff called one Thomas W. Smith, who testified that he had a conversation with the defendant's husband, after the contract for the loan was drawn, in which the husband told him that his wife did not want to go west. This evidence was objected to, the objection was overruled, and the defendant's counsel excepted.

The admissions of an agent are not admissible against the principal, unless made while he is performing some act for his principal, and in reference to the thing done. Then it is admissible as part of the *res gestœ*.

Here the declaration of the agent is not shown to have been made while he was acting for the defendant, and it was therefore inadmissible.

This witness was permitted to testify to repeated statements of the defendant's husband, notwithstanding the defendant's objection, and its admission was excepted to.

The plaintiff asked the same witness, "Did you understand that if the defendant took the article for the farm she was not to go west, and that the contract for the farm satisfied and cancelled the personal contract?" The question was objected to, and the objection was overruled, and the defendant's counsel excepted. The witness answered: "I so understood it."

The understanding of the witness was wholly incompetent. It was his province to state what was said or done from which he derived his understanding; and it was for the referee to say what was intended by the parties.

The evidence thus illegally received must have had an

important influence in inducing the referee to find for the plaintiff.

Without considering any of the other questions discussed by counsel, we must reverse the judgment and order a new trial before another referee; costs to abide the event.

New trial granted.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]