----

[No. 9753. Department One. — August 19, 1885.]
THOMAS J. CLUNIE, RESPONDENT, v. THE SACRA-
MENTO LUMBER COMPANY, APPELLANT.

EVIDENCE — DECLARATIONS OF AGENT. — In an action for the specific performance
of a parol agreement entered into by an agent on behalf of his principal, declara-
tions by such agent a year or two after the consummation of the agreement with
respect to the terms thereof are inadmissible against his principal.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Freeman & Bates*, for Appellant.

*A. P. Catlin*, for Respondent.

FOOTE, C. — The plaintiff seeks to enforce the specific perform-
ance of a verbal agreement by compelling the defendant to exe-

cute a lease of certain premises for the term of five years. The findings of the court upon the facts, the evidence being conflicting, ought not to be disturbed unless something was improperly admitted which was injurious to the defendant.

It is claimed by counsel that the statements and declarations of Goodhue, the defendant corporation's general manager, made after his verbal agreement to lease for his principal the premises about which this contention is had, were incompetent as evidence to bind such principal, since they were narrations of facts which occurred at the time the agreement was entered into.

The evidence discloses the fact that those declarations and statements on the part of Goodhue were made a year or two after the alleged parol agreement for the lease of five years was consummated by him for his principal with the plaintiff, and that they set out and stated the terms and tenor of such agreement as understood by the parties thereto at the time of its completion.

We are of opinion that it was not proper to admit in evidence such declarations so made by the agent, as they did not bind his principal, not being a part of the *res gestæ*, and for this reason the judgment and order denying a new trial should be reversed, and a new trial granted.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reason given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.