[No. 14237.     Department One. — December 17, 1891.]

ROSS L. BEASLEY, BY HIS GUARDIAN, ETC., RESPOND-ENT, v. THE SAN JOSÉ FRUIT-PACKING COM-PANY, APPELLANT.

MASTER AND SERVANT — NEGLIGENCE — SELECTION OF SERVANTS — CARE-LESSNESS OF FELLOW-SERVANT — PRESUMPTIONS. — A master is presumed to have done his duty in the selection of competent servants, and there is no presumption that a fellow-servant is incompetent or careless.

ID. — BURDEN OF PROOF — KNOWLEDGE OF MASTER. — It is incumbent upon a servant, who seeks to recover from the master for the carelessness of a fellow-servant, to prove not only that the fellow-servant was in fact careless, but also that the master had knowledge of such carelessness, or was negligent, either in the selection or retention of such servant.

ID. — PREVIOUS ACCIDENT IN DIFFERENT EMPLOYMENT. — The fact that upon a single occasion an accident had previously occurred while the fellow-servant was in the service of the defendant in a different employ-ment does not show his incapacity for another employment in the same service; and if it is not shown by any competent evidence that he was in fact careless in his new employment, or that he was either known or reputed to be a careless man prior to the accident complained of, the master cannot be charged with the result of that accident.

ID. — EVIDENCE — DECLARATION OF FOREMAN AFTER ACCIDENT. — In an action by a servant for damages for personal injuries sustained through the negligence of a fellow-employee, where the plaintiff charges the defendant with negligence in selecting and retaining in its service a fellow-servant, through whose carelessness the accident occurred, it is error to admit testimony that the foreman of the defendant had said to the plaintiff on the evening after the accident, that the fellow-servant was careless, and that his carelessness was known to the defendant some time before the accident occurred.

ID. — ADMISSIONS OF AGENT. — The admissions of an agent, not connected with the transaction to which they refer, cannot bind his principal, even though made in explanation of an act previously done by him while in the exercise of his agency; neither can his opinion bind his principal with reference to a transaction with which he was not connected. The declarations of an agent are admissible only when made in regard to a transaction, in the course of his agency, depending at the very time of the declarations.

APPEAL from a judgment of the Superior Court of the county of Santa Clara, and from an order denying a new trial.

The facts are stated in the opinion of the court.

S. F. Leib, for Appellant.

Specific acts of negligence are not sufficient to show

that a man is habitually careless or negligent. (*Hatt* v. *Nay*, 144 Mass. 186; *Frazier* v. *Penn. R. R. Co.*, 38 Pa. St. 104; 80 Am. Dec. 467.) For a single act of negligence an employer is not required to discharge an employee. (*Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 362; 17 Am. Rep. 325.) The statement by Wright, that the co-employee had been a careless man, was not the statement of the company or binding upon it; and as the verdict could not rest on or be supported by such evidence, an instruction should have been given by the court that the jury return a verdict for the defendant. (*First Nat. Bank.* v. *Ocean Nat. Bank*, 60 N. Y. 296, 297; 19 Am. Rep. 181; *Packet Co.* v. *Clough*, 20 Wall. 541, 542; *Vicksburg R. R. Co.* v. *O'Brien*, 119 U. S. 104–106; *Innis* v. *Steamboat Senator*, 1 Cal. 461, 462; 54 Am. Dec. 305; *Huntingdon R. R. Co.* v. *Decker*, 82 Pa. St. 119; *Moore* v. *Bettis*, 11 Humph. 67; 53 Am. Dec. 776, 777; *Baptist Church* v. *Brooklyn Ins. Co.*, 28 N. Y. 153; *Pratt* v. *O. & L. C. R. R. Co.*, 102 Mass. 565.) If a verdict is to rest upon admissions, it must be upon the admissions of the defendant, and not upon those of some one else. The court was asked to instruct the jury to find a verdict for the defendant, and hence ignore this testimony, and it should have done so. (*Hamilton* v. *N. Y. C. R. R. Co.*, 51 N. Y. 100.) Where the facts are undisputed, the question of negligence is a question of law, to be passed on by the court. (*Glascock* v. *C. P. R. R. Co.*, 73 Cal. 137; *Fagundes* v. *C. P. R. R. Co.*, 79 Cal. 97.) Assuming that plaintiff was not negligent, and that the co-employee was, yet there is no proof that the defendant "neglected to use ordinary care in the selection of the culpable employee." Without such proof, the plaintiff cannot recover. (Civ. Code, sec. 1970.)

*Richards & Welch*, for Respondent.

Defendant was negligent in employing and retaining in its employ the negligent servant who caused the injury. The knowledge of the manager and foreman of the defendant, as to the co-employee's carelessness, was

the knowledge of the defendant. (Cook on Stocks and Stockholders, 2d ed., sec. 727.) An employer of boys and girls of tender ages is held to stricter liability in selecting and retaining servants, and in the kind and management of his machinery and appliances, than one who employs no children. (Wharton on Negligence, sec. 216; *Fisk* v. *Central Pacific R. R. Co.*, 72 Cal. 43, 44; 1 Am. St. Rep. 22.)

HARRISON, J. — The plaintiff, an employee of the defendant, brought this action to recover for personal injuries caused by the carelessness of a fellow-employee in running a freight-elevator. Judgment was rendered in his favor for five hundred dollars, and from this judgment, and an order denying a new trial, the defendant has appealed.

The plaintiff can maintain no action against the defendant for damages sustained solely through the negligence of a fellow-employee; but to avoid the effect of this rule, the plaintiff has charged in his complaint that the defendant was negligent in selecting and retaining in its service the fellow-servant through whom the accident occurred. The presumption is, that the master has done his duty, and has selected competent servants, and there is no presumption that the fellow-servant is incompetent or careless; hence it is incumbent upon the servant who seeks to recover from the master for the carelessness of a fellow-employee to show by affirmative proof, not only that the fellow-employee was in fact careless, but that the master had knowledge of such carelessness, or was negligent, either in the selection or retention of such servant. There must be some personal fault in the master before he can be made liable, and the burden of showing such fault is on the plaintiff. (Wood on Master and Servant, sec. 419.)

The facts shown at the trial in support of this allegation are, that Henning, who had charge of the elevator at the time of the accident, had been previously employed by the defendant as a night-watchman; that

while in that service it was his duty at night to fill the gasoline tank, and that on one occasion, about ten days prior to this accident, when he went to the gasoline-house for that purpose with a lighted lantern, as was his custom, upon opening the door an explosion took place by reason of some of the gasoline having leaked out of the tank.   It was not shown by any competent evidence that Henning was in fact careless at any time prior to the accident with the elevator, or that he was either known or reputed to be a careless man, and the fact that upon a single occasion an accident had occurred while he was in the service of the defendant in a different employment would not show any incapacity for another employment in the same service.   There is no necessary inference that an accident is the result of carelessness, and it was testified by Wright, the foreman of the defendant, that, in his opinion, that accident was not the result of any negligent act of Henning.

Upon this point the court instructed the jury that they should disregard any specific act of negligence on his part in his employment as night-watchman, and that " the responsibility of the defendant for the exercise of reasonable care in his employment dates from his transfer to the receiving department, and must be considered in the light of the defendant's knowledge of facts affecting his character and reputation for care at that time."   This took from the jury the right to consider his action connected with the gasoline explosion, and we must assume that the jury followed the instructions of the court.   (*Emerson* v. *Santa Clara Co.*, 40 Cal. 543.)

For the purpose of showing that Henning was careless, and that his carelessness was known to the defendant at the time he was put in charge of the elevator, it was testified on behalf of the plaintiff that on the evening of the day on which the accident occurred, Wright, who, as foreman of the defendant, had employed Henning, visited the plaintiff at his house, and in a conversation with him said that " Mr. Henning had been a

careless man before that, and they knew it; he set their place on fire a few days before; that accidents had happened before with him, and that the company ought not to have kept him as long as it did."

The testimony of what Wright had said to the plaintiff on the evening after the accident was not competent to prove the fact that Henning was careless, and did not in any respect bind the defendant. The admissions of an agent, not connected with the transaction to which they refer, cannot bind his principal, even though made in explanation of an act previously done by him while in the exercise of his agency. Much less can his opinion bind his principal with reference to a transaction with which he was not connected. (Wharton on Evidence, secs. 1173, 1180.)

"The opinion of an agent based upon past occurrences is never to be received as an admission of his principal's, and this is doubly true when the agent was not a party to those occurrences." (*Ins. Co. v. Mahone*, 21 Wall. 157.) "The declarations of an agent or servant do not, in general, bind the principal. To be admissible, they must be in the nature of original, and not of hearsay, evidence. They must constitute the fact to be proved, and must not be the mere admission of some other fact. They must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time." (*Luby v. Hudson River R. R. Co.*, 17 N. Y. 133.) See also *Rockwell v. Taylor*, 41 Conn. 59; *First Nat. Bank v. Ocean Bank*, 60 N. Y. 297; 19 Am. Rep. 181; *Packet Co. v. Clough*, 20 Wall. 540; *Gutchess v. Gutchess*, 66 Barb. 483.) The declarations of officers of a corporation rest upon the same principles as apply to their agents. (*Huntingdon R. R. Co. v. Decker*, 82 Pa. St. 119.)

Inasmuch as the evidence of Wright was not competent to bind the defendant, there was no evidence before the jury from which they were authorized to find that the defendant " neglected to use ordinary care in the selection of the culpable employee" (Civ. Code, sec. 1970),

and the court should have given to them the following instruction, requested by the defendant: "Even if it be true that the accident happened by reason of the negligence of the fellow-servant of plaintiff, yet there is no proof sufficient to be submitted to you that the defendant neglected to use ordinary care in the selection of such fellow-servant."

For its error in refusing to give this instruction, the judgment and order are reversed, and a new trial granted.

PATERSON, J., and GAROUTTE, J., concurred.