[No. 15167. Department One.—August 16, 1893.]

WILLIAM H. BIRCH, RESPONDENT, v. JOSEPH P. HALE, APPELLANT.

EVIDENCE—RES GESTÆ—DECLARATIONS OF AGENT.—The admission or declaration of an agent binds his principal only when it is made during the continuance of the agency in regard to a transaction then depending, and as part of the *res gestæ*.

ID.—ADMISSION OF ARCHITECT—PAST TRANSACTION.—In an action to recover for the construction of an elevator, where the defendant set up as a defense that the work was done so unskillfully and negligently that he was obliged to make repairs costing more than the balance claimed to be due the plaintiff, it being claimed that the pipes leading to the tank through which the water, used to run the elevator, was pumped, were put up in such a "crooked manner" that the pump when at work made a great noise and caused the building to shake, thereby necessitating the repairs made, it is error to receive in evidence the admission of the architect of the defendant that he had given instructions to put the pipes up in that manner, where it did not appear that the architect was still the agent of the defendant when the admission sought to be proved was made, if made at all, nor that it related to a transaction then depending, and was thus a part of the *res gestæ*, but the question showed that it related to a past transaction.

ID.—IMPEACHMENT OF WITNESS—CONTRADICTORY STATEMENTS—LAYING FOUNDATION.—The testimony of a witness for the purpose of impeaching a former witness that he had made at other times statements inconsistent with his testimony cannot be received without first laying a foundation therefor by stating to the former witness the circumstances of time, place, and persons present, and asking him whether or not he made such statements.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Alexander D. Keyes*, for Appellant.

The court erred in allowing plaintiff to testify that the defendant's architect had admitted that he had directed the pipes to be put up in a crooked manner. (*Beasley* v. *San Jose F. P. Co.*, 92 Cal. 388; *Garfield* v. *Knight's etc. W. Co.*, 14 Cal. 35.) The court erred in allowing proof to be made that the plaintiff's witnesses made statements at variance with their testimony when the supposed statements, together with the times, places, and circumstances, had not been previously called to their attention. (Code Civ. Proc., sec. 2052; *Baker* v. *Joseph*, 16 Cal. 137; *People* v. *Garnett*, 29 Cal. 622; *People* v. *Devine*, 44 Cal. 452. *People* v. *Brilliant*, 58 Cal. 214; *Young* v. *Brady*, 94 Cal. 128.)

*C. E. K. Royce,* for Respondent.

BELCHER, C.—In March, 1890, William H. Birch and Company entered into a written contract with the defendant to erect for him in the building situate at the northwest corner of McAllister and Larkin Streets, San Francisco, a safety hydraulic passenger elevator, and to furnish the pumps and machinery necessary to be used therewith. The contract fixed the price to be paid for the elevator at $4,200, and the parties verbally agreed that the price of the deep-well pump to be put in the cellar of the building should be $565. Before the work was completed Birch and Company assigned the contract and all their rights under it to the plaintiff, and he thereupon proceeded with the work and finished it about April 1, 1891.

Under the contract and pursuant to its provisions, the defendant paid to the contractors sums of money aggregating $4,162. The plaintiff brought this action to recover the balance alleged to be still due and unpaid.

The answer denied that defendant was indebted to plaintiff in the sum named, or in any sum whatever, and alleged payment in full. It then set up as a defense, that the work upon the elevator and its appurtenances was done in such an unskillful and negligent manner that the defendant was obliged to make sundry repairs and alterations upon and about the same, and was thereby damaged in the sum of $829.78.

The water used to lift and lower the elevator, and for other purposes in the building, was pumped by the deep-well pump in the basement to a tank on the top of the building. And one of the complaints on the part of the defendant was that the pipes leading to the tank were put up in such a "crooked manner" that the pump when at work made a great noise and caused the building to shake. The plaintiff testified that the noise was caused by the construction of the pipes, and that the pipes were put up in a crooked manner under the direction of the architect, though he said that direction was not given to him personally. He was then asked: "Did the architect admit that he had given instructions to put up the pipes in that manner?" The question was objected to by the defendant and the objection overruled, and thereupon the witness answered, "Yes, sir."

The appellant contends that this ruling was erroneous, and that it operated to his prejudice. That the evidence objected to was material is clear. The architect was the agent of appellant in supervising the construction of the building, and if the pipes were put up in a crooked manner by his direction, then appellant could not be heard to complain that, by reason of this improper construction, the pumping of water through them caused a disturbing noise and vibration in the building. Whether, however, they were so put up or not was a question in dispute. The architect, when subsequently called as a witness for defendant, testified that he gave no instructions to the plaintiff, or to his assignors, concerning the construction of the elevator, and denied that he ever admitted to the plaintiff that the pipes were erected under his direction in the manner in which they were erected.

The admission or declaration of an agent binds his principal "only when it is made during the continuance of the agency in regard to a transaction then depending *et dum fervet opus*. It is because it is a verbal act and part of the *res gestœ* that it is admissible at all." (Greenleaf on Evidence, sec. 113.) "An agent is empowered to act for the principal, but has no power to make admissions to bind him unless these admissions constitute a part of the *res gestœ*." (*Garfield* v. *Knight's etc. W. Co.*, 14 Cal. 36.) "The admissions of an agent, not connected with the transaction to which they refer, cannot bind his principal even though made in explanation of an act previously done by him while in the exercise of his agency. . . . . The declarations of an agent or servant do not in general bind the principal. To be admissible . : . . they must be made, not only during the continuance of the agency, but in regard to a transaction depending at the very time." (*Beasley* v. *San Jose F. P. Co.*, 92 Cal. 388.)

It does not appear that the architect was still the agent of appellant when the admission sought to be proved was made, if made at all, nor does it appear that it related to a transaction then depending and was thus a part of the *res gestœ*. On the contrary, the question plainly implied that it related to a past transaction. This being so, the objection should have been sustained and the evidence excluded.

Again, when the defendant was introducing his evidence he called as a witness one J. M. Dooley, who testified that he was the janitor of the building, and had been such since the 1st of March, 1891. On cross-examination the witness was asked if he did not tell Mr. Meagher and Mr. Walter Birch that after certain repairs were made the pump ran finely. He was also asked if he did not tell Mr. Meagher at that time that the pump was working all right. Both questions were answered in the negative.

In rebuttal Meagher was called by plaintiff as a witness, and testified that about the 26th of March, 1891, in Mr. Woolf's room, he had a conversation with Mr. Dooley about the noise. He was then asked: "State what the conversation was?" and answered: "Mr. Dooley said that the pump was all right if it worked like that all the time." Again he was asked: "Did he say that the pump was working all right?" and answered: "He did."

Both of these questions were objected to by the defendant on the ground that the proposed testimony was incompetent, irrelevant and immaterial, and on the ground that the time and place of the supposed conversation were not called to the attention of the witness Dooley at the time of his examination. The court overruled the objections and the defendant duly excepted.

The evident purpose of this testimony, elicited from Meagher, was to contradict and impeach the testimony of Dooley. Section 2052 of the Code of Civil Procedure provides:—

"A witness may also be impeached by evidence that he has made at other times statements inconsistent with his present testimony; but before this can be done the statements must be related to him with the circumstances of times, places, and persons present, and he must be asked whether he made such statements," etc.

Here it is not shown that the proper foundation for the impeaching testimony had been laid, and hence we conclude that the court erred in admitting it.

Other similar points are made, but they need not be specially considered.

For the errors above noted, the judgment and order should be reversed and the cause remanded for a new trial.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause remanded for a new trial.

GAROUTTE, J., HARRISON, J., McFARLAND, J.