[L. A. No. 540.   Department One.—August 28, 1899.]

E. H. CRAWFORD et al., Respondents, v. TRANSATLANTIC FIRE INSURANCE COMPANY, Appellant.

FIRE INSURANCE—DELIVERY OF POLICY AFTER FIRE—PRIOR AGREEMENT FOR EFFECTIVE POLICY.—A fire insurance policy may be delivered after the occurrence of a fire, if it purports to take effect prior to occurrence, and is the memorial of a prior parol contract for such a policy agreed to in its essentials, and which the parties intended should take effect as stated in the policy. In such case, it seems that the policy may have taken effect without actual delivery to the insured or his agent.

ID.—ABSENCE OF PRIOR AGREEMENT—NONLIABILITY FOR PREMIUM.— In the absence of such a prior agreement as would bind the insurance company and render the insured person liable for the premium, the delivery of the policy after the building had been destroyed by fire, to the knowledge of the parties, could not give any effect to the instrument.

ID.—ACTION UPON POLICY—EVIDENCE—ACTS AND DECLARATIONS OF AGENTS—RES GESTAE.—In an action upon such policy, all of the acts and declarations of the agents of the fire insurance company which might characterize their intent while they were engaged in the business of the insurance, and until the delivery of the policy, are admissible against the insurance company as part of the res gestae.

ID.—SUBSEQUENT NARRATIONS—HEARSAY.—The declarations of the agents of the defendant, made at a time subsequent to the delivery of the policy or when they were not acting for the defendant in any business connected therewith, and which were not part of the res gestae, but are mere narration or illustration of their past conduct, are incompetent hearsay.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

W. S. Goodfellow, and Wilcoxon & Bouldin, for Appellant.

There is no proof that Barrett and Roberts were authorized to make any agreement of insurance, except by a duly executed and delivered policy, and such a policy could not take effect by delivery after the fire. (Civ. Code, sec. 1626; *Armstrong v. State Ins. Co.*, 61 Iowa, 212, 215; *O'Brien v. New Zealand Ins. Co.*,

108 Cal. 227; *Stebbins v. Lancashire Ins. Co.*, 60 N. H. 65; *Blake v. Hamburg-Bremen Fire Ins. Co.*, 67 Tex. 160; 60 Am. Rep. 15.) The admissions of the agents outside of the scope of their authority, made subsequent to the transaction to which the admissions related, were incompetent. (*Wicktorwitz v. Farmer's Ins. Co.*, 31 Or. 569; Mechem on Agency, secs. 714-16; *First Baptist Church v. Brooklyn etc. Ins. Co.*, 28 N. Y. 153, 159, 160; *Birch v. Hale*, 99 Cal. 299; *Beasley v. San Jose Fruit-Packing Co.*, 92 Cal. 388; *Walker v. Farmer's Ins. Co.*, 51 Iowa, 679.)

W. H. Spencer, for Respondents.

If the instructions given to the jury, at the request of plaintiffs, to which no objection was urged, were law, the judgment should be affirmed.

BRITT, C.—Action on a policy of fire insurance, which in terms purports to be the contract of defendant, and to insure a certain stable building, the property of plaintiff Crawford, to the amount of one thousand dollars, for the period of one year, commencing at noon of May 2, 1897. The defense is that the instrument was not executed by defendant, and never took effect as its contract. For the purposes of the trial the parties stipulated that from April 1, 1897, to May 15, 1897, one Roberts and one Barrett "were and each of them was the agent of the defendant, and authorized to execute said policy, if it was executed." It appeared in evidence for plaintiffs that said Roberts was a traveling agent for defendant, and said Barrett was its local agent at the town of San Luis Obispo, where said building was situated; that as the result of some oral negotiations between Crawford and both of said agents on April 30, 1897, Roberts on that day prepared and signed said policy and left it with Barrett, Crawford having agreed to accept the same and pay the premium thereon; on the following day, May 1st, Barrett sought Crawford for the purpose of delivering the policy, but failing to find him, Barrett kept the document over May 2d, which was a Sunday, and while it was so in his possession, on Sunday night, the building was destroyed by fire; on May 3d, after the fire, Barrett delivered the policy to a certain bank, to be held by the bank as Crawford's agent. A few days later Crawford offered to pay the premium on the pol-

icy to said agents, but they declined to receive it.  On behalf
of defendant, there was evidence tending to show that Crawford refused the proposal of said agents to insure the building and to issue said policy, and that the same was  prepared
without his consent, Barrett expecting to induce him to accept
it; and that the delivery to the bank after the fire was (it seems)
but provisional, pending other arrangements.  There was a verdict and judgment for plaintiffs.

The main question for determination was whether all the acts
of said agents, taken together, amounted to an execution of the
policy, so that it became obligatory on the defendant.  If the
policy—as the evidence for plaintiffs tended to show—was the
memorial of a contract which in its essentials had been agreed
upon by parol before the fire, and which the parties intended
should take effect according to its terms on the 2d of May at
noon, then certainly the subsequent delivery was sufficient to
make the defendant liable on the instrument; its liability thereon probably attached even without actual delivery to the insured or his agent.  (*Lightbody v. North American Ins. Co.*, 23
Wend. 18; *Davenport v. Peoria etc. Ins. Co.*, 17 Iowa, 176; *Franklin Insurance Co. v. Colt*, 20 Wall. 560; *Yonge v. Equitable etc. Soc.*,
30 Fed. Rep. 902.)  If, however—as the evidence for defendant
tended to show—there had been before the fire no agreement
that defendant should insure the building and issue its policy
accordingly, such an agreement as would have made Crawford
liable for the premium, then it is equally plain that delivery
of the policy after the building had been destroyed, to the
knowledge of the parties, could not impart to the instrument
any effect whatever.  (Civ. Code, secs. 2527, 2528; *Clark v. Insurance Co.*, 89 Me. 26; *People v. Dimick*, 107 N. Y. 13.)

It was, therefore, important evidence for the plaintiffs if they
could show that defendant considered or admitted at any time
that the contract was complete and the risk had attached.  For
this purpose all the acts and declarations of either Roberts or
Barrett which might characterize or explain their intent while
they were engaged in the business with Crawford and until the
delivery of the policy to the bank, were part of the *res gestae*,
and hence admissible evidence against the defendant.  Of this
nature, for instance, was the testimony of the plaintiff Bush,

who was named in the policy as payee of the insurance in case of loss, that Barrett said to him at the time he handed the policy to the bank, "You are a thousand dollars better off than you thought; here is a policy for a thousand dollars just put on your stable." Testimony such as this was plainly competent.

But the plaintiffs went further; the court allowed them, over the objection of defendant, to prove as part of their case in chief a declaration made by said Roberts at a time subsequent to the delivery of the policy and when he was not acting for defendant in any business connected therewith, that he "had received a dispatch from his company to adjust a loss on Crawford's stable, and that he had found out since . . . . that his policy didn't cover." Evidence was also admitted, over like objection, of a statement made by Barrett, on the morning following the fire, that "he had issued a policy for a thousand dollars on that building to Mr. Crawford a few days before." By these rulings and one or two others of similar character the plaintiffs were allowed to place before the jury evidence of admissions by defendant's agents made, not as part of the transaction looking to the execution of the policy, nor while discharging any duty of their agency pertaining to their treaty with Crawford, but as mere narration or illustration of their past conduct. Such evidence was only hearsay and was incompetent. (*Beasley v. San Jose Fruit Packing Co.*, 92 Cal. 388; *Dean v. Aetna Life Ins. Co.*, 62 N. Y. 642; *Insurance Co. v. Mahone*, 21 Wall. 152; *Walker v. Farmers' etc. Ins. Co.*, 51 Iowa, 682.) It was material to the issue pending, and for the error in its admission the judgment and order denying a new trial should be reversed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Harrison, J., Van Dyke, J., Garoutte, J.