| 29 | 485 |
| 33 | 340 |

HOGAN, APPELLANT, *v.* KELLY ET AL., RESPONDENTS.

(No. 1,767.)

(Submitted January 13, 1904.  Decided February 1, 1904.)

*Action to Recover Possession of Property—Bill of Sale—Parol Evidence—Agent's Declarations — Irrelevant and Incompetent Evidence.*

1.   In an action to recover possession of certain property, the bill of sale under which plaintiff claimed certain buildings, described the property as "one store building and dwelling house attached (new) ; one warehouse (new) ;

one barn (new) ; and all fixtures and attachments thereunto belonging,"
etc.   The defendants denied plaintiff's ownership or right of possession,
denied their wrongful detention or that the buildings could be removed
from the land, and alleged tnat they themselves were the owners and in
possession of the property.   *Held,* that parol evidence that the parties did
not intend to include the buildings in the bill of sale was inadmissible.

2.   On an issue as to the title ·to property under a bill of sale, written decla-
rations of the vendee's agent representing her in the purchase, made several
months after the· bill was executed, but before the property was resold, to
the effect that the vendee did not claim the property, and that it was not
included in the bill, are hearsay and inadmissible, the uncontradicted evi-
dence showing that the agent had no authority to sell or dispose of the
property in any way.

3.   The written declaration of the agent of plaintiff's vendor to defendants,
wholly disconnected with the matter in controversy, and of an acrimonious
character, tending to prejudice the jury against plaintiff, is erroneously
admitted in evidence.

*Appeal from District Court, Deer Lodge County; Welling
Napton, Judge.*

ACTION by Dave Hogan against T. L. Kelly and another.
From a judgment for defendants and from an order denying
a new trial, plaintiff appeals.   Reversed.

*Mr. J. H. Duffy,* and *Mr. Bernard Noon,* for Appellant.

*Mr. George B. Winston,* for Respondents.

MR. COMMISSIONER CALLAWAY prepared the opinion
for the court.

Defendants had judgment below.   Plaintiff moved for a new
trial, which was denied.   From the judgment and order deny-
ing his motion for a new trial, he has appealed.

It is stated in the amended complaint, in substance, that
plaintiff is the owner and entitled to the possession of certain
frame buildings of the value of $800, situated on land belong-
ing to the Northern Pacific Railway Company, in Deer Lodge
county, and in which land neither plaintiff nor defendant have
any interest; that the buildings are not affixed or permanently
attached to the land, and can be removed without injury; that
the defendants unlawfully and wrongfully withhold and detain
the possession of the said buildings from the plaintiff; that

prior to the commencement of the action the plaintiff demanded of the defendants the possession of the same, but the defendants refused, and still refuse, to deliver them to plaintiff.

In their answer defendants deny that plaintiff is the owner or entitled to the possession of the buildings, and deny that the defendants, or either of them, unlawfully or wrongfully withhold or detain the possession of said property or any part thereof; deny that the buildings can be removed from said land without injury. And defendants, for further and separate answer to the complaint of plaintiff, allege "that they are now and were at all times mentioned in plaintiff's complaint and for a long time prior thereto the owners of and in possession of the property and every part thereof mentioned in plaintiff's complaint."

The case was tried to a jury. Plaintiff introduced evidence showing that the defendants and one James McGovern, who were partners doing business under the firm name of M. E. Kelly & Co., on April 26, 1900, executed a bill of sale to one Lulu F. Largey. The consideration named in the bill of sale is $15,000 and the cancellation of all indebtedness due and owing to Lulu F. Largey from the vendors. The property conveyed is described as follows: "One store building and dwelling house attached (new); one warehouse (new); one barn (new); and all fixtures and attachments thereunto belonging. All of said buildings being situated at Gold Creek station, Deer Lodge county, Montana. Also all goods, wares and merchandise now in and around said buildings (except the household furniture in said dwelling house attached to said store building), belonging to the said first parties, consisting of a stock of general merchandise, including all counters, scales, cash register, stove, safe, all other goods and property used in and around said store and useful in connection with said business. This bill of sale is intended to cover all goods, wares and merchandise of every kind, character and description belonging to said above named first parties, belonging to and connected with the general store and mercantile business of the firm of M. E. Kelly & Co."

On December 7, 1900, Lulu F. Largey conveyed said buildings to the plaintiff, who demanded possession of them from the defendants, which was refused.

The defendants sought to defeat plaintiff's action by showing that the contracting parties did not intend to include the buildings in the bill of sale. The evidence discloses that one Bernard Noon was Mrs. Largey's business agent, and acted for her in the transaction which culminated in the bill of sale being executed to her. The court permitted defendant T. L. Kelly to recount conversations and understandings had between himself and Noon prior to the signing of the bill of sale, and thereafter concerning what property was intended to be included therein.

It will be observed that the defendants did not plead any mistake or imperfection in the writing; neither was the validity of the bill of sale in dispute; nor was there any attempt to explain an extrinsic ambiguity, nor any attempt to establish illegality or fraud. There was no question concerning the construction of the instrument. Under the pleadings in this case, such proof was inadmissible. (Sections 3132, 3136, Code of Civil Procedure, and Section 4430, Civil Code; *Gaffney Mer. Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *York* v. *Steward,* 21 Mont. 515, 55 Pac. 29, 43 L. R. A. 125; *Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279; *Armington* v. *Stelle,* 27 Mont. 13, 69 Pac. 115, 94 Am. St. Rep. 811; *Riddell* v. *Peck-Williamson H. & V. Co.,* 27 Mont. 44, 69 Pac. 241.)

Over plaintiff's objection defendants were permitted to introduce in evidence two letters and a so-called certificate written by Noon to T. L. Kelly several months after the bill of sale was executed and delivered, and before the property was sold to plaintiff. The letters and certificate were to the effect that Noon did not claim the buildings for Mrs. Largey; that she was not the owner of them, and did not claim any interest, right or title in them; that the buildings were not included in the bill of sale, but were expressly reserved therefrom. The

bill of sale was thus directly contradicted. In explanation of these letters and the certificate Noon testified that he had put the bill of sale 'away for safe keeping and had forgotten its contents; was misled by Kelly as to what was included in it. Both Mrs. Largey and Noon testified that the latter had no authority to sell or dispose of the buildings in any way, and this testimony was uncontradicted.

To bind the principal, the declarations of an agent must be made within the scope of his authority, at the time of the transaction, and be a part of the *res gestae*. If made after the transaction is completed, they are in the nature of hearsay, and are mere narrations of a past transaction. (*Moore* v. *Bettis,* 11 Humph. 67, 53 Am. Dec. 771, and note; *Garfield* v. *Knight's F. & T. M. W. Co.,* 14 Cal. 36; *Clunie* v. *Sacramento Lumber Co.,* 67 Cal. 313, 7 Pac. 708; *Beasley* v. *San Jose Fruit-Packing Co.,* 92 Cal. 388, 28 Pac. 485; *Birch* v. *Hale,* 99 Cal. 299, 33 Pac. 1088; *Luby* v. *Hudson River Railroad Co.,* 17 N. Y. 131; *Herbert* v. *King,* 1 Mont. 475; Mechem on Agency, Sec. 714.)

It is apparent that the letters and certificate were nothing more than mere declarations made by the agent several months after the transaction to which they related occurred, and their reception in evidence was error.

Over plaintiff's objection the court also permitted the defendants to introduce in evidence an acrimonious letter written by Noon to T. L. Kelly on December 3, 1900. Under the rules above announced, it was inadmissible for any purpose as being the mere declaration of an agent; but, in addition to that, it was objectionable because it did not even remotely refer to any matter in controversy, so far as can be ascertained from its terms. Besides being wholly irrelevant and incompetent for any purpose, it probably tended to prejudice the jury to plaintiff's injury under the testimony already in evidence.

What we have said renders a discussion of the instructions unnecessary.

No question has been raised by counsel as to whether the buildings in suit are real or personal property.

For the foregoing reasons, we are of the opinion that the judgment and order should be reversed, and the case remanded for a new trial.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the case is remanded for a new trial.