[Civ. No. 89.  First Appellate District.—November 10, 1905.]

HERMAN WALDECK & CO., Respondent, v. PACIFIC COAST STEAMSHIP COMPANY, Appellant.

FOREIGN CORPORATIONS—ORGANIZATION—PLEADING—IMMATERIAL ISSUE AS TO NAME OF STATE—FAILURE TO FIND.—In an action against a foreign corporation, of what state it is a corporation is matter peculiarly within the knowledge of the defendant and need not be averred in the complaint; and an issue tendered and joined as to the name of the state under whose laws it is alleged to be organized is immaterial, and the failure to find thereon cannot prejudice the defendant.

ID.—ACTION AGAINST OWNER OF STEAMSHIP—NEGLIGENT STOWAGE—EVIDENCE—LETTER OF AGENTS NOT PART OF RES GESTAE—NARRATIVE.—In an action against the foreign corporation as owner of a steamship, to recover damages for negligent stowage of sheep pelts shipped thereon by plaintiff, a letter written to plaintiff by defendants' agents, which is not part of the *res gestae,* but which purports to be a mere narrative of past facts relative to the shipment and manner of stowage of the pelts, was not admissible in evidence against the defendant; and in view of other facts appearing, it is held that the error in admitting such letter was clearly prejudicial.

ID.—DECLARATIONS OF AGENT—EXPLANATION OF PREVIOUS ACT.—The declarations of an agent, not connected with the transaction to which they refer, cannot bind his principal, even though made in explanation of an act previously done by him while in the exercise of his agency.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

George W. Towle, Jr., for Appellant.

Naphtaly, Freidenrich & Ackerman, for Respondent.

HALL, J.—This is an appeal from a judgment for plaintiff, taken within sixty days after rendition of judgment, and is before this court upon the judgment-roll and a bill of exceptions.

The action was for damages to sheep pelts owned and delivered by plaintiff to defendant at Tacoma, to be thence carried by defendant, as a common carrier, on the steamship "Walla Walla," to San Francisco. It was alleged that defendant negligently and carelessly stowed said pelts in the bottom of the hold of said steamship, and carelessly and negligently piled thereon a great quantity of other freight, thereby subjecting the pelts to a great heat, in consequence of which a large number of the pelts became rotten and worthless. The complaint alleged "that the defendant now is, and at and during all the time hereinafter stated was, a body corporate, duly created, formed, and organized under the laws of the state of New York." Defendant, in its answer, admitted that it was a corporation, but denied that it was organized under the laws of the state of New York. The court found that defendant was a corporation, but failed to find as to whether or not it was organized under the laws of the state of New York, and for this failure appellant claims that the findings do not support the judgment. There is no merit in this contention. It was unnecessary for plaintiff to allege of what state defendant was a corporation. It was sufficient that it was a corporation. Of what state it was a corporation was peculiarly within the knowledge of defendant, and any error in such immaterial allegation of the complaint, or any lack of finding thereon, could not have prejudiced defendant or affect the judgment. The evidence showed that the pelts were shipped from Spokane by rail

to Tacoma, and there reshipped by the steamship "Walla Walla" to San Francisco. The shipment of sheep pelts consisted of twenty-six bales of dry pelts, and thirty-nine bales of salted pelts. It is fair to say that there is some conflict as to whether the thirty-nine bales were what are known as "green" pelts or "salted" pelts, but from all the evidence it is fair to infer that they were, when shipped, salted pelts. When the pelts arrived at San Francisco, they were much damaged, being heated and rotten. It was claimed that this was caused by the manner in which they had been by the defendant stowed on the "Walla Walla," especially in that great quantities of other freight were piled on top of the pelts, so as to subject them to much pressure, besides excluding a free circulation of the air about the bales of pelts. Plaintiff receipted for the pelts as damaged, and made a claim therefor on the defendant through its agents, Goodall, Perkins & Co.

Plaintiff offered in evidence a letter addressed to plaintiff and signed "Goodall, Perkins & Co. B." This was objected to as hearsay, incompetent and immaterial, and the objection was overruled and exception reserved by defendant. In this ruling the court erred in a matter prejudicial to defendant. The letter purports to state the facts concerning the shipment of the pelts and the manner in which they were stowed on the "Walla Walla," among other things, stating that "the pelts in question were stowed in the bottom of the hatch, over that was tarpaulins, then a large quantity of grain, another tarpaulin, and on top a large shipment of lime and the hatch covering all." The statements in the letter were narratives of past events, and no part of the *res gestae* of the shipment or stowing of the pelts. The admissions of an agent, not connected with the transaction to which they refer, cannot bind his principal, even though made in explanation of an act previously done by him while in the exercise of his agency. The declarations of an agent are admissible only when made in regard to a transaction, in the course of his agency, pending at the very time of the declarations and where the statements or declarations are a part of the *res gestae*. (*Beasley* v. *San Jose Fruit Packing Co.*, 92 Cal. 388, [28 Pac. 485]; *Crawford* v. *Transatlantic Fire Ins. Co.*, 125 Cal. 609, [58 Pac. 177]; *Lissak* v. *Crocker Estate*

*Co.,* 119 Cal. 443, [51 Pac. 688] ; *Birch* v. *Hale,* 99 Cal. 299, [33 Pac. 1088] ; *Durkee* v. *Central Pacific R. Co.,* 69 Cal. 533, [58 Am. Rep. 562, 11 Pac. 130] ; *Boone* v. *Oakland Transit Co.,* 139 Cal. 490, [73 Pac. 243] ; *Luman* v. *Golden A. C. M. Co.,* 140 Cal. 700, [74 Pac. 307].) The facts above quoted, concerning the manner in which the pelts were stowed, were subsequently embraced in hypothetical questions put by plaintiff to expert witnesses, to which replies were made both by a witness for the plaintiff and for defendant to the effect that such a method of stowing salted pelts would cause them to heat, ferment, and rot. Subsequently evidence was given by witnesses for defendant differing materially from the statement in the letter as to how the pelts were stowed. It is thus clear that the error was prejudicial.

No other error was committed in the admission of evidence, and we think the evidence sustains all the findings attacked, in that the evidence is either conflicting, or of such a character that different conclusions as to the ultimate facts involved might be reasonably drawn therefrom. No good purpose would be subserved by a discussion of the evidence. and, as the judgment must be reversed for the error above pointed out, such discussion might prejudice the rights of the parties on a new trial.

The judgment is reversed.

Harrison, P. J., and Cooper, J., concurred.