HOSCH, RESPONDENT, *v.* HOWE ET AL., APPELLANTS.

(No. 6,948.)

(Submitted October 14, 1932.   Decided October 22, 1932.)

[16 Pac. (2d) 699.]

(405)

*Mr. C. A. Spaulding,* for Appellants.

*Mr. J. R. Winc,* for Respondent.

HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This case is before us on an appeal from a decree foreclosing a mortgage given by defendants, appellants herein, to plaintiff, respondent herein.

The complaint sets out a copy of the mortgage which contains a provision that the maturity of the entire indebtedness shall be accelerated by nonpayment of interest, taxes or insurance, and alleges facts showing such acceleration. Defendants set up as a defense, facts upon which they rely as showing that the indebtedness had not matured, notwithstanding the ambiguous terms of the mortgage. Upon the trial plaintiff objected at every stage to the admission of any testimony in support of the affirmative allegations of the answer on the ground that it varied the terms of the written instrument. The testimony was admitted over objection but with a stated reservation of opinion as to its competency and admissibility. The case was tried without a jury and the court made findings which from their character disclose that the trial judge deemed the evidence unavailing to prevent immediate foreclosure.

Defendants specify error on the part of the lower court in finding that the indebtedness was due and payable, and in failing to find that the plaintiff had antecedently waived the acceleration provisions.

The testimony of defendants in substance is that the mortgage foreclosed, and the note secured thereby, were renewals of two other notes and mortgages; that prior to the execution and delivery of the instruments sued upon the defendants, fearing their inability to meet the interest or the taxes on the property at an earlier date than the eventual maturity of the principal, asked the mortgagee to make the note for an added amount to cover those items, and to defer all payments until the maturity of the entire obligation. Defendants testified that plaintiff stated that he could not handle the matter in that way but that he agreed that "if anything happened that I couldn't meet the obligations, he would see us through for the three years." Notwithstanding such a claimed agreement the defendants executed and delivered the note and mortgage, with the acceleration provisions set out in the mortgage.

Defendants also assert that their evidence as to the antecedent agreement was uncontradicted and that the evidence preponderates against the findings of the court. Under the view we take of the case we will not discuss this last-mentioned contention.

The case is definitely controlled by the statutes, sections 7520 and 10517, Revised Codes 1932, which are as follows:

(7520) "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

(10517) "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: 1. Where a mistake or imperfection of the writing is put in issue by the pleadings. 2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 10521, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term agreement includes deeds and wills, as well as contracts between parties."

Not only do these sections clearly preclude the adoption of the defendants' contention, but this court has repeatedly spoken to the same effect. (See *Hogan* v. *Kelly*, 29 Mont. 485, 75 Pac. 81; *Swan* v. *LeClair*, 77 Mont. 422, 251 Pac. 155.) In *Swan* v. *LeClair* the court quoted from *Knox* v. *Gerhauser*, 3 Mont. 267, in which case the court adopted the following very pertinent language: "Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any

other way than that specified in the instrument, or to make the payment depend upon condition.''

It should be noted here, as it was in *Swan* v. *LeClair*, cited above, ''neither mistake nor ambiguity in the writing was in issue nor was there any question as to its validity.''

Counsel for defendants cites cases which hold that an acceleration clause similar to the one before us can be waived. Here we are not concerned with that rule. To constitute a waiver it is essential that there be an existing right, benefit or advantage. (27 R. C. L., p. 908.) The right which defendants claim was waived was not existent at the time it was discussed between the parties, as testified to by defendants.

Defendants also rely upon the line of authorities which deals with the propriety of proving by parol the nondelivery or conditional delivery of written instruments. These cases, typified by *Scott* v. *Prescott*, 69 Mont. 540, 223 Pac. 490, *First National Bank* v. *Holding*, 90 Mont. 529, 4 Pac. (2d) 709, and *McCaull-Dinsmore Co.* v. *Stevens*, 59 Mont. 206, 194 Pac. 213, are not in point in this case. Mr. Justice Holloway pointed out in *McCaull-Dinsmore Co.* v. *Stevens:* ''Defendants did not seek to vary, contradict or even explain the exhibits.'' The same may be said of the other cases. The cases cited by the defendants are all either distinguishable from the present case or are authority for our conclusions herein.

Here we have a written contract which deals in unequivocal terms with a subject which defendants wish us to hold had been antecedently and orally agreed upon contrary to the language of the written contract.

We believe that Professor Wigmore, in his work on Evidence, sections 2425 et seq., lays down correct tests for determining the question of whether or not the terms of a written contract are varied. Without conceding that it is possible under our system of law and procedure to leave the application of these rules or tests to the trial judge's discretion, we feel that the language and the reasoning found on page 309 of volume 5 are enlightening and persuasive. There he says: ''The chief and most satisfactory index is found in the circumstance

whether or not the *particular element of the alleged extrinsic negotiation is dealt with at all* in the writing. If it is mentioned, covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element." Applying that test we cannot escape the correctness of the lower court's judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, JUSTICES ANGSTMAN and MATTHEWS and HONORABLE R. M. HATTERSLEY, District Judge, sitting in place of MR. JUSTICE FORD, disqualified, concur.

Rehearing denied December 15, 1932.