NELSON, APPELLANT, *v.* SPEARS, RESPONDENT.

[Submitted July 2, 1895. Decided July 8, 1895.]

NEW TRIAL—*Parol evidence to vary written contract.*—It is error to admit parol evidence to vary the terms of a written contract, and, if admitted, the error is not corrected by an instruction to the jury to disregard it, if the verdict was in fact influenced thereby and a new trial should be granted notwithstanding such instruction. (*Fisher* v. *Briscoe,* 10 Mont. 124, cited.)

SAME—*Prejudicial error—Misleading instruction.*—The plaintiff sued the defendant to recover a sum claimed to be due for hay and other personal property sold by him to the defendant. The latter in his answer denied the indebtedness and set up a counterclaim. It appeared that the respective parties were copartners in the sheep business and that this copartnership continued to do business for nearly a year when it was dissolved by a written agreement entered into between the parties. The plaintiff in his replication to the defendant's counterclaim, alleged an agreement to pay the defendant $40 per month as a herder from and after the date of the dissolution of said copartnership, but the court instructed the jury that the plaintiff's replication alleged that under the agreement of dissolution "the defendant was to receive $40 per

month," from a date anterior to the partnership entered into between the parties. *Held,* that this instruction was a wrong interpretation of the plaintiff's replication, that it was misleading and therefore prejudicial to the plaintiff, and that a new trial should have been granted.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for goods sold. The defendant had judgment below. Plaintiff's motion for a new trial was denied by BENTON, J. Reversed.

*A. J. Shores,* for Appellant.

*Leslie & Downing,* for Respondent.

PEMBERTON, C. J.—Plaintiff sued the defendant in the district court to recover the sum of $900, claimed to be due for hay and other personal property, sold by him to defendant. The answer denies the indebtedness, and sets up a counterclaim.

From the pleadings and evidence it appears that on the 21st of October, 1891, plaintiff and defendant, by written contract, entered into copartnership in the sheep business. At the date of this contract the plaintiff owned a large number of sheep, corrals, and lands, near Glasgow, in this state. This property was turned into the copartnership business, and became the property of the copartnership, by the terms of the articles of copartnership, the defendant giving his notes to plaintiff for a one-fourth interest therein. This copartnership continued to do business until the 22d day of September, 1892, when it was dissolved by the following written contract of the parties:

"This agreement, made this 22d day of September, 1892, by and between H. H. Nelson, of Cascade, in Cascade county, Montana, party of the first part, and More Spears, of Glasgow, state of Montana, party of the second part, witnesseth: That it is hereby mutually agreed that the partnership heretofore existing between said parties, in the sheep business, is dissolved by consent of both parties; that all contracts and agreements heretofore made by said parties, including notes and accounts, are hereby declared of no effect and void; that

all sheep, horses, implements, sheds, buildings, corrals, fences, and hay, and all other personal property of whatsoever description, having belonged or used in connection with the aforesaid business, and all parcels and pieces of land held by either party prior to said date, shall revert and belong to the party of the first part; for and in consideration of which said first party agrees to cancel all claims of whatever description, now held by first party against said second party. In witness whereof said parties have hereunto affixed their hand and seal the year and day aforesaid. H. H. Nelson. M. Spears.''

This contract was acknowledged before a notary by the parties.

The defendant, in his answer, admits the making of this contract, but says that at the time the same was made the plaintiff agreed to pay him $125 per month from the 21st day of October, 1891, until the 22d day of September, 1892, when the copartnership was dissolved, and as long thereafter as he should work for plaintiff. Defendant claims this was a part of the contract of dissolution of the copartnership, and in his answer says ''that at the time of the making of the said new contract with plaintiff aforesaid, to wit, on the 22d September, 1892, aforesaid, the same was attempted to be reduced to writing, but by inadvertence, fraud, or mistake of the draftsman, and by mistake or inadvertence of said parties thereto, the same failed to state the terms of said contract, and did not express the intentions of said plaintiff and this defendant, in failing to show that plaintiff was to pay this defendant $125 per month, from the —— day of July, 1891, aforesaid, and thereafter, so long as defendant would work for plaintiff under said contract.''

Defendant, as part of his counterclaim, alleges that plaintiff is indebted to him in the sum of $650 for taking care of other sheep belonging to plaintiff at the rate of $50 per month.

Plaintiff's replication denies the indebtedness contained in defendant's counterclaim, but says when the copartnership was dissolved on the 22d day of September, 1892, he employed defendant as a herder, for which services he agreed to pay him

$40 per month, and paid him $100 in advance, and that defendant worked for him under said contract until about the 10th of October, 1892.

The case was tried to a jury, who returned a verdict for the defendant in the sum of $600. The plaintiff moved for a new trial, which was denied. From the order refusing a new trial this appeal is prosecuted.

The appellant assigns as error the action of the court in submitting to the jury the question of the indebtedness of the plaintiff to defendant for services prior to September 22, 1892, claiming that under the pleadings and evidence the jury should have been instructed to disregard the defendant's claim for such services. The evidence did not show any mistake, fraud, or inadvertence, as claimed by defendant, in making the contract of September 22, 1892. The court took this view of the matter, and instructed the jury that the evidence on the part of the defendant did not show that by inadvertence, fraud, or mistake anything had been omitted from said contract, and that defendant was not entitled to relief on that account. But evidence of the fact that plaintiff had agreed to pay the defendant $125 per month, and that this was part of said contract, and was omitted therefrom, as claimed by defendant, had gone to the jury. This evidence tended plainly to contradict and change the terms of the written contract. It was error to admit it. (*Fisher* v. *Briscoe,* 10 Mont. 124; Comp. St. first div. § 628.) Its consideration should have been excluded from the jury. The court no doubt endeavored to do so by an instruction, but when it appeared that the jury did consider it, notwithstanding the instruction of the court, a new trial should have been granted. The counsel for the respondent certainly understood that the jury considered this evidence, for in their brief they say: "The jury, after considering the case, taking their verdict as a guide, allowed the plaintiff his claim, in full, of $900, and also adopted the view of defendant that plaintiff contracted to allow him the $125 per month, and allowed defendant $1,587, less $100 as a credit, with interest."

The appellant also assigns as error the giving of the following instruction: ''Defendant further alleges an agreement in settlement of the affairs of the parties, and a new agreement whereby the partnership was dissolved, and an agreement made that defendant was to receive $125 from July, 1891. This is denied, and the reply alleges that under the agreement defendant was to receive $40 per month.'' In giving this instruction the court evidently misconstrued the allegations of plaintiff's replication. The replication alleges an agreement to pay defendant $40 per month, as a herder, from and after September 22, 1892. There is no agreement contained in the replication to pay defendant $40 per month from July, 1891. From this instruction it is fairly inferable that the replication alleged such an agreement. The instruction was calculated to mislead the jury, and was therefore prejudicial to the plaintiff. It is difficult to determine upon what theory the jury arrived at their verdict in this case. It is fair to presume that the verdict was not arrived at without considering evidence that was not admissible, and which tended to prejudice the plaintiff. Nor do we think that it may not be safely said that the jury were probably misled by the instruction complained of and treated above.

Under all the circumstances of the case, we think the motion of appellant for a new trial should have been granted. The order appealed from is reversed, and the cause remanded for new trial.

*Reversed.*

DE WITT and HUNT, JJ., concur.