GAFFNEY MERCANTILE COMPANY, APPELLANT, *v.* CHARLES HOPKINS, RESPONDENT.

[Submitted March 4, 1898.  Decided March 21, 1898.]

*Contract—Reformation of.*

In an action to reform a contract by the terms of which a plaintiff had agreed to pay to the defendant the amount which should be found due to him from one "C," the complaint alleged that the contract was made with the mutual understanding that plaint-

iff was not the guarantor for the payment of any indebtedness which might so be found to be due, and that he was not to pay any sum in excess of his indebtedness to "C;" the complaint did not allege any mistake, mutual or unilateral, in the making of the contract, or any mistake or inadvertence made in reducing its terms to writing. *Held,* that the complaint did not state facts sufficient to constitute a cause of action.

*Appeal from District Court, Jefferson County. M. H. Parker, Judge.*

ACTION by the Gaffney Mercantile Company against Charles Hopkins to reform a contract. Defendant demurred to the complaint, and his demurrer was sustained. Plaintiff appeals. Affirmed.

*Geo. F. Cowan,* for Appellant.

*Wm. H. De Witt,* for Respondent.

PIGOTT, J.—The Gaffney Mercantile Company brought this action to reform a certain written contract made between it and Charles Hopkins, and to enjoin him from prosecuting an action commenced by him against it upon the contract. Defendant demurred to the complaint for insufficiency. The court sustained the demurrer, and plaintiff electing to stand upon the complaint, judgment passed for the defendant, from which the plaintiff appeals. Pending the appeal, this court, as authorized by Section 23, Code of Civil Procedure, granted the injunction prayed by the plaintiff.

The single question presented is whether the complaint states facts sufficient to constitute a cause of action. It sets out that on July 19, 1897, plaintiff and defendant entered into a stipulation in writing, with respect to a certain suit entitled "*Chas. Hopkins* v. *H. Chambers and the Gaffney Mercantile Company,*" then pending and set for trial on that day, by the terms of which the case was to be continued, and a referee appointed to hear the evidence and find the amount due from Chambers to Hopkins, and that judgment for the amount so found should be entered against Chambers, "which said judgment, in consideration of this stipulation, and in consideration of the further fact that there are now and there will be

moneys in the hands of the said Gaffney Mercantile Company due to the said Chambers, the said Gaffney Mercantile Company agrees to pay said judgment within thirty days after the entry of said judgment.'' The complaint further charged that ''the said stipulation was so then and there made and entered into by the parties thereto, upon the mutual understanding between said parties that this plaintiff was not the guarantor for the payment of any indebtedness then existing, or that might be found existing, from said H. Chambers to said Charles Hopkins upon an accounting and reference in said stipulation provided for, and that the same was wholly based, for its consideration, upon the theory that this plaintiff would have sufficient moneys in its hands belonging to said Chambers out of which any judgment that might be recovered in said action by Hopkins against Chambers could be paid, and that the stipulation was not made with any purpose or intent on the part of either of the parties thereto, or with any understanding or agreement between any of said parties, that the plaintiff should be bound thereby to any greater extent than the sum of money (not exceeding the amount of said judgment) which was then expected to be left in plaintiff's hands belonging to said Chambers, after balancing the account between the plaintiff and Chambers; that the agreements and understanding between the parties to said stipulation, both before and after the execution of the same, were that this plaintiff was only bound thereby to the extent of moneys in its hands belonging to said Chambers;'' that in the action of Hopkins against Chambers and the Gaffney Mercantile Company the referee found $491.81 to be due from Chambers to Hopkins, for which sum judgment was entered, in accordance with the stipulation; that the mutual accounts between the plaintiff and Chambers had been balanced, disclosing an indebtedness from Chambers to the plaintiff instead of from the plaintiff to Chambers; that on October 7, 1897, defendant commenced an action against the plaintiff to recover said sum of $491.81 for the breach by the plaintiff of its promise contained in the stipulation to pay the

defendant the amount of the judgment rendered against Chambers in the action of Hopkins against Chambers and the plaintiff.

The complaint does not set up the facts necessary to entitle the plaintiff to a reformation. "Reformation is appropriate when an agreement has been made, or a transaction has been entered into or determined upon, as intended by all the parties interested; but in reducing such agreement or transaction to writing, either through the mistake common to both parties, or through the mistake of the plaintiff, accompanied by the fraudulent knowledge and procurement of the defendant, the written instrument fails to express the real agreement or transaction." (Pomeroy on Equity Jurisprudence, § 870.)

Section 3132 of the Code of Civil Procedure, which merely declares the common-law rule, is as follows : "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms and, therefore, there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing, except in the following cases : (1) Where a mistake or imperfection of the writing is put in issue by the pleadings. *
* *"

Section 4430 of the Civil Code, affirmative of an equity doctrine, reads : "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done, without prejudice to rights acquired by third persons, in good faith and for value."

The mistake or imperfection must be pleaded. (§ 3132, *supra*, *Gamble* v. *Knott*, 40 Ga. 199; *McMinn* v. *Patton*, 92 N. Car. 371; *Anderson* v. *Logan*, 105 N. Car. 266, 11 S. E. 361.) Neither directly nor by inference does the complaint allege any mistake, mutual or unilateral, in the making of the contract, nor a mistake or inadvertence in its reduction to the

form of a written stipulation. True, the plaintiff avers that the stipulation was made upon the mutual understanding and with the intention that the plaintiff should not be liable to the extent expressed by the stipulation; but this, without more, is but an averment that the parties understood and intended that the contract should mean something different from that which it expressed. Upon well-established principles, parties themselves may not so alter the terms of a written contract. (*Brintnall* v. *Briggs* (Iowa) 54 N. W. 530. See, also, *Fisher* v. *Briscoe*, 10 Mont. 124, 25 Pac. 30, and *Anderson* v. *Perkins*, 10 Mont. 154, 25 Pac. 92.) Nor will the courts do for them that which they could not themselves accomplish. From the allegations of the complaint it is manifest that the plaintiff does not contend for the reformation of the written contract on the ground of fraud, accident, or mistake, but seeks to reform such contract, complete upon its face, and the terms of which were understood and assented to by the plaintiff at the time it was made, upon the ground that the parties understood and intended to interpret it in a sense contrary to that expressed by its language. This may not be done. (*Brintnall* v. *Briggs*, and section 3132, *supra*.)

The allegation concerning the understanding between the parties, subsequent to the execution of the stipulation, as to its import, in no wise remedies the defect pointed out. It falls, moreover, within the inhibition of section 2281 of the Civil Code, providing that "a contract in writing may be altered by a contract in writing or by an executed oral agreement, but not otherwise."

Defendant suggests that the complaint is in other particulars defective; but, since the reason we have assigned is sufficient to sustain the court below, they will not be considered. The judgment is affirmed, and the injunction issued by this court is dissolved, with costs.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J. concur.