FORD ET AL., RESPONDENTS, *v.* DRAKE ET AL., APPELLANTS.

(No. 3,187.)

(Submitted October 28, 1912.   Decided November 12, 1912.)

[127 Pac. 1019.]

*Promissory Notes—Consideration—Burden of Proof—Evidence —Inadmissibility—Curing Error—Instructions—Proper Refusal.*

Promissory Notes—Consideration—Burden of Proof.
  1.   Under sections 5010 and 5011, Revised Codes, plaintiff in an action on a promissory note was not required to show that the instrument had been given for a consideration, or a consideration equal, in point of value, to its face; the law presumes a sufficient consideration, and the burden of showing a want of it was upon defendants.

Same—Consideration—Sufficiency.
  2.   If plaintiff in an action on a promissory note surrendered an advantage which he had, or defendants by executing the instrument gained one for themselves, the consideration for the note was sufficient.

Same—Evidence—Inadmissibility—Curing Error.
  3.   Where defendants in an action on a promissory note did not rely upon a mistake or imperfection in the instrument or upon any illegality or fraud, admission in evidence of a conversation between the maker and payee, had prior to its execution, to the effect that the former should be liable for only half the face of the note, was error, under sections 5018 and 7873, Revised Codes, which error, however, was indirectly cured by the refusal of the court to instruct the jury that if they believed such evidence they should render a verdict in favor of plaintiff for only one-half of the amount sued upon.

Same—Consideration—Instruction—Harmless Error.
  4.   Where the court could properly have directed a verdict in favor of plaintiff in an action on a note, defendants were in no position to complain of an instruction submitting to the jury the question whether there was any consideration for the note passing between the parties, it having been to their advantage to have them find upon the proposition thus submitted.

Same—Instructions—When Refusal Proper.
    5.   The district court may refuse to give an offered instruction which
    contains matter proper for submission to the jury and also matter
    which ought not to be submitted, it not being its duty to separate
    the proper from the improper portions and give it as thus corrected.

*Appeal from District Court, Meagher County; E. K. Cheadle, Judge.*

ACTION by William T. Ford and another against L. H. Drake, Sr., and another. From a judgment in favor of plaintiffs and an order denying them a new trial, defendants appeal. Affirmed.

*Mr. O. F. Goddard,* and *Mr. F. L. Tilton,* for Appellants, submitted a brief; *Mr. Goddard* argued the cause orally.

*Messrs. Wight & Pew,* and *Mr. Wm. L. Ford,* for Respondents, submitted a brief; *Mr. Ira T. Wight* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 6, 1910, L. H. Drake & Son entered into a contract with the plaintiffs for the purchase of 2,500 lambs to be delivered between October 1 and 10 of the same year, and to be paid for at the rate of five and one-half cents per pound. Upon the contract price there was paid $750. On the same day, by an independent agreement, J. R. Randolph entered into a like contract with the plaintiffs for the purchase of a like number of lambs upon the same terms, and the like payment was made. When the time came for the delivery of the lambs, the purchasers were unable to raise funds sufficient to meet their respective obligations, and at a conference held in White Sulphur Springs between the plaintiffs, Randolph and L. H. Drake, Jr., representing L. H. Drake & Son, an arrangement was made by which the lambs were to be shipped to the Chicago market, consigned to Clay, Robinson & Company, livestock commission merchants, there to be sold, and the balance due plaintiffs upon the contract to be remitted to them. The lambs were all delivered at the same time and apparently shipped as one consignment. Randolph was unable to accompany the shipment, but it was

agreed between him and L. H. Drake, Jr., that Drake should accompany the stock and look after the interests of both. Plaintiff Manger also accompanied the shipment. After the lambs reached Chicago, but before they were sold, L. H. Drake, Jr., executed and delivered to the plaintiffs a promissory note for the balance due the plaintiffs upon the purchase price of the lambs. This note was turned over to the commission house, and later sent to a bank in White Sulphur Springs. The net proceeds of the sale of the lambs were remitted by the commission house to the plaintiffs and credited upon the note, but the lambs failed to sell for an amount sufficient to pay the note in full, and it is for the balance remaining due that this action was brought. The note executed by L. H. Drake, Jr., bears these signatures: "J. R. Randolph, by L. H. Drake, Jr., L. H. Drake & Son, by L. H. Drake, Jr." The complaint is in the form usually employed in an action upon a promissory note. Defendant Randolph answered separately, denying that he executed the note or authorized anyone to execute it for him, and, this fact appearing upon the trial, he was discharged upon motion for nonsuit. Defendants L. H. Drake & Son answered, admitting the execution and delivery of the note, and then set forth affirmatively that, at the time the note was executed, it was mutually understood between plaintiffs and these defendants that Drake & Son were to be held liable for only one-half of the amount of the note. They further allege that there was a want of consideration for the note to the extent of one-half of the face value thereof, and that the only consideration for it, so far as they were concerned, was the sale of the 2,500 lambs to them pursuant to their contract of April 6. These affirmative allegations were put in issue by reply. The trial resulted in a verdict and judgment in favor of plaintiffs for the full amount demanded in their complaint. From the judgment and an order denying them a new trial, the defendants L. H. Drake & Son appealed.

1. The evidence is very brief; so much so that it is difficult to determine the exact facts of the case. The trial court outlined to the jury the facts so far as they were deemed uncontroverted;

and, assuming this *résumé* of the evidence to be accurate, it appears that, in order to protect the plaintiffs, it was agreed at the conference in White Sulphur Springs that the lambs were to be shipped to Chicago in the name of the plaintiffs, and that this arrangement was carried into effect. If this be correct, plaintiffs were thus secured in their vendor's lien for the balance of the purchase price, so long as they retained possession of the lambs. The circumstances surrounding the making of the note at Chicago are disclosed so imperfectly that it is difficult to say whether the note was given in consideration of plaintiffs relinquishing their lien or not. If such an inference can be drawn from the evidence, it follows that there was a sufficient consideration for the note actually shown. But it was not necessary for the plaintiffs to show that the note was given for a consideration, or a consideration equal in point of value to the face of the note. Sections 5010 and 5011 of the Revised Codes [1] provide: "Sec. 5010. A written instrument is presumptive evidence of a consideration." "Sec. 5011. The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate it." Under the provisions of these sections, the plaintiffs could rest their case upon showing the execution and delivery of the note, its ownership by them, and the balance due; and the burden of showing a want of consideration for the whole or a part of the note was then upon the defendants Drake & Son, and this burden they failed to sustain. There is not any evidence tending to impeach the recital in the note except the statement of L. H. Drake, Jr.: "There was no consideration passing between me and the plaintiffs in this case by which, or under which, I signed this note as it was signed that would make me liable for the whole amount. There was no consideration passing between me and Mr. Randolph for my assumption of his share of the indebtedness for these sheep." Instead of this being a statement of fact, it is but a bald conclusion of law. But, even if it had evidentiary value, the jury by their verdict indicated that they refused to believe the statement and, considering the circumstances surrounding the making of the note, we cannot deny to

the jury the right to reach such a conclusion. The jurors were not compelled to accept the statement as true, if the circumstances tended to impeach it. The very fact that Drake, a man thirty-three years old, of business experience, executed the note voluntarily—that is, without any coercion—that he was not under any obligation whatever to do so, that he acted with full knowledge and appreciation of the consequences which such an act usually implies, and chargeable with knowledge that any oral negotiations or agreements would be swallowed up in the writing, of themselves would justify the jury in its conclusion, if there was not anything else to reflect upon Drake's conduct.

It is wholly immaterial that these defendants received no consideration from Randolph for assuming the entire indebtedness. [2] If the plaintiffs were induced to surrender up an advantage which they had, or Drake & Son by executing the note gained for themselves any advantage, the consideration for the note would be sufficient. There is not any claim of mistake, fraud, undue influence, or failure of consideration. In fact, it is difficult from this record to understand why the note was given at all, unless L. H. Drake, Jr., sought thereby to gain for these defendants some advantage which they did not have theretofore. Having substituted the note for the arrangement made at White Sulphur Springs, so far as that arrangement remained unfulfilled, the statute presumes a sufficient consideration passed for the note, and this presumption the defendants failed to overcome. It will not do to argue that the record fails to show a consideration. These appellants must show by a preponderance of the evidence that there was not a consideration for the whole or a part of the note.

2. Over the objection of plaintiffs, L. H. Drake, Jr., was permitted to testify that, before he executed the note, he had a conversation with plaintiff Manger to this effect: "I told him it was understood I was only holden for half of it, and was merely giving it to him as a memorandum; he said he understood that; he agreed to that." Counsel for appellants then requested the trial court to charge the jury as follows: "If you find and believe from the evidence that there was a verbal agreement or

understanding between the plaintiff Manger and the defendant
L. H. Drake, Jr., at the time of giving the note in suit, that
the defendants L. H. Drake & Son were to be held liable for
only half of the note, then your verdict should be for only half
of the balance due on said note." This request was refused,
and error is predicated upon the ruling. The argument pro-
ceeds upon the theory that, by admitting the evidence of the
agreement above, the trial court held that, if such an agree-
ment was entered into, it constituted a defense to the extent of
one-half involved, and this is correct; but it does not follow that,
because the trial court erred in admitting the evidence in the
first instance, it should have emphasized the error by giving the
instruction requested. That it was error to admit the evidence
is very plain. Section 5018 of the Revised Codes reads as
[3] follows: "The execution of a contract in writing, whether
the law requires it to be in writing or not, supersedes all the
oral negotiations or stipulations concerning its matter which
preceded or accompanied the execution of the instrument."
Section 7873 provides: "When the terms of an agreement have
been reduced to writing by the parties, it is to be considered as
containing all those terms, and therefore there can be between
the parties and their representatives, or successors in interest,
no evidence of the terms of the agreement other than the con-
tents of the writing, except in the following cases: (1) Where
a mistake or imperfection of the writing is put in issue by the
pleadings. (2) Where the validity of the agreement is the fact
in dispute. But this section does not exclude other evidence of
the circumstances under which the agreement was made, or to
which it relates, as defined in section 7877, or to explain an
intrinsic ambiguity, or to establish illegality or fraud. The
term agreement includes deeds and wills, as well as contracts
between parties." The section to which reference is made above
provides: "For the proper construction of an instrument, the
circumstances under which it was made, including the situation
of the subject of the instrument and of the parties to it, may
also be shown, so that the judge be placed in the position of
those whose language he is to interpret." (*Armington* v. *Stelle,*

27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 116; *Riddell* v. *Peck W. Co.*, 27 Mont. 44, 69 Pac. 241; *Largey* v. *Leggat,* 30 Mont. 148, 75 Pac. 950.) The language of this court in *Western Loan & Savings Co.* v. *Smith,* 42 Mont. 442, 117 Pac. 475, is peculiarly pertinent here, for the facts of the two cases bearing upon this particular question are similar. We there said: "Under the issues made by the pleadings, the evidence touching the oral agreement was incompetent. Its only office would have been to substitute, in place of the written contract, another with entirely different terms. The defendants do not rely upon any mistake or imperfection in the writing, nor upon any matter rendering the contract invalid, nor upon any illegality in it, or fraud on the part of plaintiff in procuring it. Nor is there any ambiguity in it which it is necessary to explain by resort to extrinsic evidence; nor was there any question as to the construction to be given it."

The court was clearly correct in refusing the offered instruction. The better practice would have been for the court to withdraw from the jury the evidence which had been erroneously admitted, but this result was accomplished indirectly by the refusal to give the instruction requested.

3. The trial court submitted to the jury the question whether [4] there was any consideration passing between plaintiffs and these appellants, or between these appellants and Randolph, for the note so far as it covered Randolph's liability for one-half of the balance of the purchase price of the lambs, and, waiving the question of the propriety of submitting such proposition under the facts as disclosed, appellants cannot complain. It was decidedly to their advantage to have the jury pass upon the question, for, under the evidence as disclosed by the record, we are of the opinion the court could have directed a verdict for the plaintiffs. In any event, in view of the presumption declared by the Codes (section 5010, above), we cannot interfere with the jury's finding that there was a consideration for the whole of the note.

4. Error is predicated upon the refusal of the court to instruct the jury that the granting of a nonsuit in favor of defendant

Randolph "does not in any way release him from his liability to the plaintiffs on his contract for the purchase of the 2,500 lambs," and "does not mean that the defendants Drake & Son are holden and liable for one-half or for all of said note in suit." If the first portion of the instruction quoted above had [5] been omitted, doubtless the instruction would have been given; but it is the rule in this state that, if a party tenders an instruction which contains matter proper for submission to the jury, and also matter which ought not to be submitted, the court may refuse the instruction altogether, for it is not its duty to separate the proper from the improper portions. (*Anderson* v. *Northern Pacific Ry. Co.,* 34 Mont. 181, 85 Pac. 888; *Stewart* v. *Pittsburg & Mont. C. Co.,* 42 Mont. 200, 111 Pac. 723.) Having dismissed Randolph from the case, it would have been highly improper for the court to have attempted to define his liability or to have referred to it. He was not any longer before the court, and neither his rights nor his liabilities could be determined, and neither was a proper subject for comment to the jury; and, because of this error in the instruction as proposed, it was properly refused.

If the result of this action is to impose a hardship upon these appellants, they have no one to blame but themselves. Whether they may recover from Randolph his just proportion of the loss incurred in the transaction is not a proper subject of inquiry in this case.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH, being absent, did not hear the argument, and takes no part in the foregoing decision.

Rehearing denied December 5, 1912.