PRITCHETT ET AL., RESPONDENTS, *v.* JENKINS, APPELLANT.

(No. 3,596.)

(Submitted February 10, 1916.   Decided February 25, 1916.)

[155 Pac. 974.]

*Sales—Livestock—Breach of Contract—Measure of Damages—*
*Evidence.*

Parol Evidence—When Inadmissible.
   1.   Admission of parol evidence to vary and contradict the terms
of a written contract is error.
Sales—Breach of Contract—Measure of Damages.
   2.   Where defendant had agreed to sell and deliver 300 head of
cattle at a time certain, and delivered but 248, the buyer was entitled
to recover as damages the advance in market value of the 52 cattle sold,
but not delivered, over and above the contract price.

   [As to admissibility of subsequent parol agreement to vary written
contract, see note in 56 Am. St. Rep. 659.]

*Appeal from District Court, Meagher County; J. A. Mat-*
*thews, Judge.*

ACTION by Duff Pritchett and R. B. Minty, copartners doing
business as Pritchett & Minty, against J. W. Jenkins.   From a
judgment for plaintiffs and an order denying him a new trial,
defendant appeals.   Modified and affirmed.

*Mr. N. B. Smith* and *Mr. Edward D. Phelan,* for Appellant,
submitted a brief; *Mr. Phelan* argued the cause orally.

*Messrs. Mackel & Tyvant* and *Messrs. Ford & Linn,* for Re-
spondents, submitted a brief; *Mr. Henry A. Tyvant* and *Mr. C.*
*A. Linn* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

Plaintiffs purchased from the defendant certain cattle, evi-
dencing the transaction by an agreement in writing.   They em-

ployed a blank form, the material portion of which, when filled in and executed, follows:

| No. Head. | Description. | Brands. | Price per Head. | Time and Place of Delivery. |
|---|---|---|---|---|
| 300 | Mixed cattle (calves thrown in) or all cattle branded 5T Y | 5T Y | 35.00 | White Sulphur Springs between Sept. 15th and Oct. 15th, 1912. |

This action was brought to recover damages, the theory of the complaint being that the defendant had failed to make delivery according to the terms of his agreement. From a judgment in favor of plaintiffs for $2,100 and from an order denying him a new trial, the defendant appealed.

The pleadings do not raise any issue of fraud, accident or mistake in the execution of the agreement. In their complaint the plaintiffs rely upon the written contract, and in his answer the defendant relies upon it as well. Singularly enough, upon the **[1]** trial each side, over the objection of the other, was permitted to introduce parol evidence which tended to vary and contradict the terms of the writing. The rulings were erroneous. (Secs. 5018, 5067, Rev. Codes; *Western Loan & Savings Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019.) The contract is plain and certain **[2]** in its provisions. The defendant agreed to deliver 300 cattle. He delivered only 248, and offered no legal excuse for his failure to deliver the remainder. The only question for determination was: To what extent, if any, did the market value of the fifty-two cattle sold, but not delivered, advance over and above the contract price? There is not any substantial conflict in the evidence upon this issue. The testimony justified plaintiff's claim that they were damaged to the extent of $30 per head.

The order overruling the motion for a new trial is affirmed; the cause is remanded to the district court, with directions to

reduce the amount of the judgment to $1,560 and costs, as of date June 24, 1913, and, as thus modified, it will stand affirmed. The appellant will recover one-half of his costs of appeal.

*Modified and affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.