SWAN, RECEIVER, APPELLANT, *v.* LE CLAIR ET AL.,
RESPONDENTS.

(No. 6,001.)

(Submitted November 9, 1926. Decided November 24, 1926.)

[251 Pac. 155.]

*Promissory Notes—Mode of Payment—Parol Testimony Inadmissible, When — Want of Consideration — Pleading—Attorney's Fee—Court may Fix.*

Promissory Notes—Mode of Payment—Parol Testimony Inadmissible to
Vary Writing.
1. Where the signers of a promissory note unqualifiedly bound
themselves to pay a certain sum of money at a specified time,
parol evidence was inadmissible for the purpose of showing that
the payee in an oral contemporaneous stipulation had agreed that
payment could be made in a certain manner; such oral agreement
was superseded by the writing, and the evidence, erroneously admitted, tended to vary and contradict the writing, contrary to the
provisions of section 10517, Revised Codes of 1921, where the
validity of the note was not attacked and a mistake or imperfection in the writing was not pleaded.
Same—Want of Consideration—Pleading.
2. Lack of consideration for the giving of a promissory note,
total or partial, is a defense which must be pleaded.
Same—Attorney's Fee—Court may Fix Without Hearing Expert Testimony.
3. Where a promissory note provides for a reasonable attorney's
fee in case action has to be brought to enforce collection, the court
may fix the amount of the fee and include it in the judgment.

[1]    Evidence, 22 C. J., sec. 1448, p. 1094, n. 57.
[2]    Bills and Notes, 8 C. J., sec. 1265, p. 966, n. 12.
[3]    Bills and Notes, 8 C. J., sec. 1435, p. 1101, n. 59.

*Appeal from District Court, Lake County; James M. Self,
Judge.*

ACTION by James M. Swan, receiver of First National Bank
of Ronan, against V. U. Le Clair and others. Judgment for
defendants and plaintiffs appeal. Reversed and remanded,
with directions.

1.    See 10 R. C. L. 1022.
2.    See 3 R. C. L. 925.
3.    See 3 R. C. L. 894.

*Mr. Lloyd I. Wallace* and *Messrs. Murphy & Whitlock,* for Appellant, submitted a brief; *Mr. M. N. Whitlock* argued the cause orally.

Citing: *Knox* v. *Gerhauser,* 3 Mont. 267; *Brown* v. *Spofford,* 95 U. S. 482, 24 L. Ed. 508 [see, also, Rose's U. S. Notes]; *Fisher* v. *Briscoe,* 10 Mont. 124, 25 Pac. 30; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *Western Loan & Sav. Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019; *Mumford* v. *Tolman,* 157 Ill. 258, 41 N. E. 617; *Taylor* v. *Lewis,* 146 Mass. 222, 15 N. E. 617; *Keith* v. *Parker,* 115 Fed. 397; *Harmon* v. *Harmon,* 131 Ark. 501, 199 S. W. 553; *Houts* v. *Sioux City Brass Works,* 134 Iowa, 484, 110 N. W. 166; *Chute Co.* v. *Latta,* 123 Minn. 69, 142 N. W. 1048; *First Nat. Bank* v. *Henry* (Mo. App.), 202 S. W. 281; *Middleton* v. *Wooster,* 184 App. Div. 165, 171 N. Y. Supp. 593; *Crooker* v. *National Phonograph Co.* (Tex Civ. App.), 135 S. W. 647; *Clanin* v. *Easterly Harvesting Machine Co.,* 118 Ind. 372, 3 L. R. A. 863, 21 N. E. 35; *Stein* v. *Fogarty,* 4 Idaho, 702, 43 Pac. 681; *Commonwealth Trust Co.* v. *Coveney,* 200 Mass. 379, 86 N. E. 895; *Warner* v. *Bonds,* 111 Ark. 238, 163 S. W. 788; *Consolidated Lumber Co.* v. *Frew,* 32 Cal. App. 118, 162 Pac. 430; *Knight* v. *W. T. Walker Brick Co.,* 23 App. D. C. 519; *Conqueror Trust Co.* v. *Danforth,* 103 Kan. 860; 177 Pac. 357; *Prosise* v. *Phillips,* 41 App. D. C. 226; *Kelley* v. *Thompson,* 175 Mass. 427, 56 N. E. 713.

*Mr. John P. Swee* and *Messrs. Walchli & Korn,* for Respondent, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

The substance of appellant's contention is that the agreement constituting the defense, established by parol evidence at the trial, contradicted and violated the terms of the written note, and for that reason was incompetent. The agreement amounts simply to this, that the defendants executed the note in question in consideration of the money which was loaned to the elevator company, and in consideration of the promise of the

bank, the payee of the note, that the bank would that fall deduct the sum of $100 from the proceeds of the grain of each of the farmers on which they held a chattel mortgage, and would apply the same in discharge of the $100 stock notes which such farmers owed to the elevator company, so that the proceeds therefrom could be applied in payment of the note sued on. The bank therefore violated its agreement, which was a part of the consideration on which the defendants executed the note to the bank. The bank's breach of the agreement resulted in a partial failure of consideration to the defendants. The question for determination therefore is, whether in an action by the payee of a note, the maker may show, as a defense, either total or partial failure of consideration. May the real consideration of a note be shown by parol evidence? We contend that it may be so shown, and for cases illustrative of the proposition, we refer to the numerous cases listed in the note contained in 2 Ann. Cas. 430, and more especially to the numerous cases listed and digested in the note in 43 L. R. A. 474–479. "Parol evidence is admissible to show absence or failure of consideration as against one not a holder in due course." (Brannan's Negotiable Instruments Law, 4th ed., p. 255; see, also, 8 C. J. 744, 746, 751, 752, 1024; *State Bank of Moore* v. *Forsyth,* 41 Mont. 249, 28 L. R. A. (n. s.) 501, 108 Pac. 914; *Silva* v. *Gordo,* 65 Cal. App. 486, 224 Pac. 757; *Bennett* v. *Tillmon,* 18 Mont. 28, 44 Pac. 80.)

If it should be contended, and the court should take the view, that the oral agreement introduced in evidence does not constitute a part of the note itself, as the consideration thereof, but rather that it is an oral collateral agreement, even under that theory it was admissible. If it is treated as a collateral agreement there was ample consideration for it. One agreement may be consideration for another, and in this case the note would act as consideration for the collateral agreement. As a collateral agreement it could be shown in evidence by way of defense to the note as constituting a part of the transaction out of which the note arose.

The parol evidence rule is less strict in regard to negotiable paper. (2 Williston on Contracts, p. 1245.) And, in any event, the tendency of the courts is toward increasing liberality in admission of such evidence. (2 Williston on Contracts, p. 1235.) "Consistent agreements constituting parts of the whole transaction may be shown." (43 L. R. A. 473; 8 C. J. 739.) "Oral testimony which does not vary or contradict the terms of a written instrument, but which serves to make plain the intentions of the parties is admissible in an action on the instrument." (*United States Nat. Bank of Red Lodge* v. *Chappell,* 71 Mont. 553, 230 Pac. 1084; see, also, *Continental Gin. Co.* v. *Stocker,* 235 Fed. 1005.)

## STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

The plaintiff as receiver of the First National Bank of Ronan brought this action to obtain judgment against the defendants for the sum of $431 and interest, with reasonable attorney's fees, according to the terms of a promissory note dated July 20, 1921, due ninety days after date, signed by the defendant Le Clair as maker and indorsed by the other defendants, and delivered to the bank. The complaint is in the ordinary form. In their amended answer the defendants admit the execution and delivery of the note but allege as an affirmative defense that prior to the execution of the note the defendants, representing the Ronan Flour Mill, a corporation, had sold to certain farmers living in the vicinity one share of stock in that corporation of the par value of $100, receiving for each share of stock the promissory note of the farmer for that amount; that the defendants went to the plaintiff on or about July 21, 1921, and told the plaintiff that as a committee representing the Ronan Flour Mill they needed money to build a side-track for the mill, and the plaintiff thereupon advanced the amount represented by the note to the defendants as such committee, and at the request of the bank the defendants executed the note sued upon; but at the time of the execution of the same it was agreed between the plaintiff and the de-

fendants that when the farmers who had purchased shares of stock and had given their notes in payment thereof "had harvested their crops and at the time of the marketing of the same in the fall of 1921, that in each instance where plaintiff either held a mortgage upon the crops of such farmer or where the proceeds of his crops was turned over to the plaintiff in the payment of a debt due the plaintiff," the plaintiff would allow the farmers who were its customers to pay the $100 stock notes, and promised and agreed to collect and apply the payments upon the $431 note until the same was satisfied; that in the fall of 1921 numerous farmers, after selling their crops, turned the proceeds thereof to the plaintiff and asked the plaintiff to allow them to pay the stock notes given by them to the Ronan Flour Mill, but the bank, after the receipt of the proceeds from the farmers' crops, refused and neglected to apply any money to the payment of the stock notes; on the contrary, the bank applied the same upon debts due from the farmers to itself, all in violation of the agreement made at the time of the execution of the note sued upon; and if the bank had performed this part of the agreement and allowed the farmers to pay their stock notes the note sued upon would have been satisfied in full, and so defendants allege the note has been fully paid and satisfied. Demurrer to the affirmative defense was overruled. Plaintiff then replied by general denial. The case went to trial before a jury. Testimony admitted in support of the amended answer followed the allegations of that document in a general way. The agreement between the bank and the defendants was oral. The defendants did not indorse nor assign any notes given by the farmers for the purchase of the stock in the Ronan Flour Mill to the bank, nor did the bank ever have possession of any thereof. Mr. Lemire was custodian of the notes. The money secured by means of the note was passed to the credit of the Ronan Flour Mill. The defendants did not contend they had paid the note in money but said they considered that "morally the debt was paid, not otherwise." It was not asserted that any defendant had made a payment upon it but Mr. Lemire, one

of the indorsers and president of the Ronan Flour Mill, testified that upon July 14, 1922, he paid $122.96 thereon from funds of the Ronan Flour Mill. While not material, in view of the law controlling the case, it appears the defendants were not able to sustain by proof the allegations that any of the farmers after selling their crops turned the proceeds to the bank with the request that the bank pay the amount of the stock notes. Several of the farmers said it would have been agreeable to them if the bank had paid the stock notes from the proceeds of the crops but they did not request the bank to do so. But it also appears each owed the bank as much as, or more than, his crop came to, and his debt to the bank was secured by chattel mortgage upon his crop.

The jury found for the defendants, upon which the court entered judgment. The plaintiff moved for a new trial, which was denied, and the plaintiff appealed.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The arguments of counsel have taken a wider range than [1] we think necessary to the determination of the case. "The execution of a contract in writing, whether the law requires it to be in writing or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." (Sec. 7520, Revised Codes 1921.) "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives or successors in interest no evidence of the terms of the agreement other than the contents of the writing, except in the following cases: (1) Where a mistake or imperfection in the writing is put in issue by the pleadings; (2) where the validity of the agreement is the fact in dispute." Such is the language in part of section 10517, Revised Codes of 1921. Any attempt to clarify the statutory language would be supererogatory. Neither mistake nor ambiguity in the writing was in issue nor was there any question as to its validity.

Long ago this court adopted from *Brown* v. *Spofford,* 95 U. S. 482, 24 L. Ed. 508, the following language: "Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition." (*Knox* v. *Gerhauser,* 3 Mont. 267.)

The maker and indorsers of the note promised in writing to pay the bank so much money, with interest, at a definite time; the promise was an essential part of the contract. Whatever other contemporaneous negotiations or stipulations respecting payment there may have been between the parties were superseded by the writing; an oral contemporaneous agreement relating to the essential provision of the note respecting payment necessarily varies and contradicts that provision. This seems too plain for argument. Under the pleadings there can now be no evidence of the terms of the promissory note other than the writing itself. (*Fisher* v. *Briscoe,* 10 Mont. 124, 25 Pac. 30; *Nelson* v. *Spears,* 16 Mont. 351, 40 Pac. 72; *Gaffney Merc. Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561; *York* v. *Stewart,* 21 Mont. 515, 55 Pac. 29; *Riddell* v. *Peck-Williamson H. & V. Co.,* 27 Mont. 44, 69 Pac. 241; *Hogan* v. *Kelly,* 29 Mont. 485, 75 Pac. 81; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Western Loan & Sav. Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475; *Pritchett* v. *Jenkins,* 52 Mont. 81, 155 Pac. 974.)

As attorneys for plaintiff suggest, it is not and cannot be contended that the instrument was to become effective only upon a condition precedent agreed upon at the time; the alleged agreement relates to the matter of discharge or payment alone. The action is in effect between the original payee and the original signers. So there is no question between indorsers as there was in *Anderson* v. *Border,* 75 Mont. 516, 244 Pac. 494, relied upon by defendants.

Counsel for defendants seek to obviate that which they term the parol evidence rule by asserting that the evidence which they were permitted to introduce in support of their answer was admissible for the purpose of showing at least a partial [2] failure of consideration for the note. Absence or want of consideration, total or partial, is a defense which must be pleaded. (*United States Nat. Bank* v. *Chappell*, 71 Mont. 553, 230 Pac. 1084.) There is no such plea here, but regardless of that, upon the facts shown we think there is no merit in the point.

The judgment must be reversed, but it is unnecessary to order a new trial. The defendants are liable upon the promissory note for the amount thereof, less the payment made July 14, 1922. It is true payment was made upon a note given by two of the defendants, Le Clair and Lemire, in renewal of the note here sued upon, the renewal note having been given at the instance of the bank to make the bank's records "look good," in the language of Mr. Lemire. The note sued upon by the bank was retained as "collateral security" for the renewal note. The fact is, regardless of the form, that the sum of $122.96 was paid upon the indebtedness represented by the note, and the defendants are entitled to the benefit of it.

The plaintiff is entitled to a reasonable attorney's fee also, [3] which is provided for in the note. This the court may fix and include in the judgment. (*Bovee* v. *Helland*, 52 Mont. 151, 156 Pac. 416; *Bohan* v. *Harris*, 71 Mont. 495, 230 Pac. 586.)

The judgment is reversed and the cause is remanded to the district court of Lake county, with direction to enter judgment in favor of the plaintiff in accordance with the views expressed in this opinion.

*Reversed and remanded.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.